FILED
IN THE UNITED STATES DISTRICT COURT'S OFFICE

FOR THE DISTRICT OF MASSACHUSETTS 14 P 12: 03

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| JASON POTTER, | I | |
| Petitioner Pro Se, | I | 04-40052 |
| | I | |
| v. | I Civil Case No._____ | |
| D. WINN, Warden, | I | |
| Respondent | I | |
| | I | |

ooOOIOOoo

PETITION FOR WRIT OF HABEAS CORPUS 28 U.S.C. § 2241

COMES NOW the Petitioner Jason Potter, Pro Se, and Petitions
this Honorable Court for issuance of a Writ of Habeas Corpus,
28 U.S.C. § 2241, to correct his Sentence of imprisonment
which is in violation of the laws and Constitution of the
United States based upon the following facts and information:

I.    FACTS OF THE CASE HISTORY

Petitioner was arrested by the state of Michigan on
May 2, 2002 for his illegal possession of a sawed-off 20-Gauge
shotgun found in his car when he was stopped by the police. He
was imprisoned in the Kent County Jail from May 2, 2003 (the
date of his arrest) until July 1, 2002. The state of Michigan did
nolle prosequi the gun charges but immediately the federal
government filed federal charges 26 U.S.C. § 5861.(d), "possession

of a Short-Barreled Shotgun". Petitioner was transferred   to federal custody on July 7, 2002, arraigned, and released upon Bail that same day. See Exhibit No. 1, state of Michigan Nolle Prosequi.

While at home on Bail, Petitioner was again arrested on November 8, 2002 on a new charge of "accessory after the fact to home invasion". On November 12, 2002 his federal Bail was revoked by the Court. Petitioner was thereafter continually incarcerated based upon his federal Bail revocation and technically still in federal custody although remained in Kent County Jail by the U.S. Marshals Service based upon that Bail revocation.

On January 3, 2003, Petitioner plead guilty to his federal charges and was Sentenced by the Court to thirty-six (36) months imprisonment.See Exhibit No. 2, Judgment in a Criminal Case 6 Pages. Petitioner according to that Judgment was "committed to the custody of the United States Bureau of Prisons". Petitioner avers he remained in federal custody in the Kent County jail after Sentnecing.

On January 28, 2003 Petitioner was re-arraigned and entered a plea of guilty to his home invasion charge. See Exhibit No. 3. Petitioner was Sentenced to for his offense to six (6) months imprisonment but retroactive back to November 8, 2002. This amounted to a credit for "time seerved" up to the date of Sentencing.

On April 6, 2003 which was the same date as his state of Michigan Sentencing, Petitioner was allegedly "transferred" into federal custody, and he arrived at his current federal Institution on June 4, 2003.

Petitioner requested a copy of his Sentence Computation and received it on October 30, 2003. See Exhibit No. 4.

2.

The Sentence Computation did not grant Petitioner any credit for the time following his federal Sentencing on January 3, 2003, nor did it grant him any time prior to that Sentencing when he was being held for the same charges upon which his ultimate federal Sentence was based, i.e. the gun charge.

Petitioner commenced his Administrative Remedies seeking to obtain his pre-Sentence credit for time imprisoned as well as his post-Sentencing credit for time imprisoned. These intervals were May 2, 2002 to July 2, 2002 and from January 3, 2003 to April 6, 2003 respectively. See Exhibit No. 5, "Inmate Request to Staff" with the Response thereupon which was attached to Petitioner's BP-8 Administrative Remedy requesting that time, and the Response to the BP-8.

When Petitioner was not granted those credits, he then filed his BP-9 Administrative Remedy. See Exhibit No. 6.  The Response to the BP-9 was partially successful in that Petitioner was granted 58 days credit from May 7, 2002 to July 3, 2002 and stated that they had been granted because that period was not credited to Petitioner's Kent County, Michigan Sentence. Petitioner was Denied credit from the date of his federal Sentencing on January 3, 2003 until the date of his state Sentencing on April 6, 2003. See Exhibit No. 7.

Petitioner then commenced the next step in the Administrative Remedy process and filed his BP-10 seeking credit for the additional time post-federal Sentencing. The BP-10 was mailed in the Institution's mail box on February 15, 2004. See Exhibit No. 8.

3.

The BP-10 was Denied as "untimely" because it was alleged that it had not been received until March 8, 2004 which was past the twenty days allowed for filing the next step in an Administrative Remedy process. See Exhibit No. 9. Petitioner tried to obtain written verification from staff that he had in fact mailed the BP-10 on February 15, 2004 (the date on the BP-10) but was told that since he had placed it in the regular Institution's mail box and had not used the Legal Mail procedure by directly handing it to an Institution Official, no verification could be given him that he had in fact mailed it on February 15, 2004.[*] Note 1.

Petitioner asked for a BP-11 which is the final step in the Administrative Remedy process, but he was told that since he had not received a Response to his BP-10, he could not be given one. Petitioner then filed another BP-8 attempting to start the Administrative remedy process all over again. The Response to his BP-8 was "You can not file twice on the same issue. You already received a response regarding this issue." (signed) [Counselor] Larkin. See Exhibit No. 10.

Petitioner avers that he has exhausted what Administrative Remedies are available to him and cannot complete the process through no fault of his own. Petitioner avers that he therefore meets the filing requirements of the PLRA, 42 U.S.C. § 1997e(a), having exhausted what remedies are available to him.

[*] Note 1. The Institution has announced that effective in the very near future, all legal mail will no longer be handed to an Institution Official for forwarding but will be placed sealed in a designated mail box. Thus, even under that procedure delayed mail could not be accoutned for as to the reasons for any delay such as occurred with this Petitioner.

II.   THE PETITIONER OUGHT BE GRANTED CREDIT
      FOR ALL TIME HE WAS IMPRISONED FROM
      THE DATE OF HIS FEDERAL SENTENCING

Petitioner was Sentenced by the federal Court on January 3,
2003. At the time of that Sentencing, no other Sentence from any
other Court as pending - neither state nor federal. At that time
of Sentencing, Petitioner was due not only the credit from the
period in which he was in custody for the gun charge prior to
his federal Sentencing, but he was entitled to the time to begin
to run affter the federal Sentencing. the fact that he had a pending
state charge, or even if he was theoretically in state custody,
ought make no difference in  the federal time running.

Whether Petitioenr was in state custody and "borrowed" to
federal custody for purposes of his Sentencing in federal Court,
or whether he ought to be considered in federal custody all fo the
time is irrelevant to this analysis. There are a number of factors
that militate in support of this position.

First, upon being arrested for the state charge of "accessory
after the fact of home invasion" while he was on federal Bail did
not mean suddenly his release custody had been transferred into
state custody. He was still in federal custody.Second, his federal
Bail was revoked on November 12, 2002, and such fact means that
he was in federal custody after such revocation even if there is
some question as to whose legal custody Petitioner was in prior to
the revocation.

18 U.S.C. § 3585 states that :

          "(a) Commencement of sentence.- A sentence to
          a term of imprisonment commences on the date

5.

the defendant is received in custody awaiting
transportation to, or arrives voluntarily to
commence service of sentence at, the official
detention facility at which the sentence is
to be served."

It is the contention of Petitioner that at the time of his
federal Sentencing he was in federal custody, and therefore his
federal Sentence ought to have commenced running. The Judgment
of the federal Court did not state anything about commencement
of service of the Sentence at some point in the future, but implied
it commenced immediately.

Finally, any analysis of what happened to Petitioner should
lead this Court to conclude that the state Sentencing "tail"
ought no be allowed to "wag the body" of the federal Sentencing
"dog". The Petitioner was Sentenced first by the federal Court.
To allow what happens afterward  to effect the term of his federal
imprisonment would be precisely that state of affairs.

The state Court did not Sentence Petitioner on November 8,2002
as stated in the BP-9 Response See Exhibit No. 1, Page 1/2. The
state Court Sentenced Petitioner on April 6, 2003 retroactively
back to November 8, 2002 when he had first been arrested and
taken into custody on the state "accessory after the fact" charge.
The state Sentencing took place on April 6, 2003 after the federal
Sentencing.  The six month state Sentence was essentially "time
served" up to that date of Sentencing on April 6, 2003 (6 months).

The period from November 8, 2002 to January 3, 2003 (the date
of the federal Sentencing) was credited to the state Sentence but
it too ought to be granted to Petitioner based upon the previously
enunciated principles since the federal Sentencing came first.

6.

Respectfully submitted,

Jason Potter, Petitioner Pro Se
Federal Registry No. 11019-040
Housing Unit J-B
Federal Medical Center Devens
P. O. Box  879
Ayer,  MA  01432


## DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746

I HEREBY DECLARE under penalty of perjury that the facts
and information in the attached PETITION FOR WRIT OF HABEAS CORPUS
28 U.S.C. § 2241 and attached Exhibits are true and correct based
upon my best information and belief.

April 6, 2004

Jason Potter, Declarant


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have mailed an original of the
attached PETITION FOR WRIT OF HABEAS CORPUS 28 U.S.C. § 2241
by first-class mail, postage pre-paid to the following person :

                UNITED  STATES  DISTRICT  COURT  FOR
                FOR  THE  DISTRICT  OF  MASSACHUSETTS
                WORCESTER  DIVISION
                U.S.  COURTHOUSE
                595    MAIN  STREET
                WORCESTER,  MA  01068-2076

AND, placed same in the U.S. mails by handing same to an Institution
Official for forwarding on April 6, 2004.

7.

SUE MAURICE

BRETT A. STEVENSON
Approved, SCAO

EXHIBIT No. 1
Original Court
1st Copy – Prosecutor
2nd Copy – Defendant/Juvenile
3rd Copy – Police Agency

| STATE OF MICHIGAN JUDICIAL DISTRICT 17th JUDICIAL CIRCUIT | MOTION/ORDER OF NOLLE PROSEQUI | 5B. CASE NO. 02-05039 FH 02-05038 FH |
|---|---|---|

| ORI MI- MI410013A Police Report No. | Court address | | Court Telephone No. |
|---|---|---|---|

| ☒ The State of Michigan THE PEOPLE OF ☐ _____ _____ _____ | V | Defendant=s/Juvenile=s name, address, and telephone no. JASON ANDREW POTTER 2445 4 MILE RD NW #2 GRAND RAPIDS MI |
|---|---|---|

| CTN 41 02 244328 99 | SID | DOB 05/01/1978 |
|---|---|---|

| Count | CRIME | CHARGE CODE(S) MCL citation/PACC Code |
|---|---|---|
| 1 | WEAPONS - FIREARMS - SHORT-BARRELED SHOTGUN/RIFLE | 750.224B |
| 2 | WEAPONS - FIREARMS - POSSESSION BY FELON | 750.224F |
| 3 | WEAPONS - CARRYING CONCEALED | 750.227 |

**MOTION**

KEVIN R FLOYD _____, prosecuting official, moves for a nolle prosequi in this case
Name (type or print)

for the following reason(s):DEFENDANT IS BEING CHARGED FEDERALLY AS PART OF PROJECT EXILE.

June 18, 2002
Date

Assistant Prosecuting Attorney

**ORDER**

REC'D & FILED

JUL 0 1 2002

JUDGE BUTH
17TH JUDICIAL CIRCUIT

IT IS ORDERED:

☒ 1. Motion for nolle prosequi is granted and the case is dismissed without prejudice.
☐ 2. Motion for nolle prosequi is granted as to the following charge(s) which are dismissed without prejudice.

☐ 3. Motion for nolle prosequi is denied.
☐ 4. Defendant/Juvenile shall be immediately discharged from confinement in this case.
☒ 5. Bond is cancelled and shall be returned after costs are deducted.
☐ 6. Bond is continued on the remaining charge(s).

JUL 0 1 2002
Date

Acting For Judge HONORABLE GEORGE BUTH                    Bar no.

If item 1 is checked the clerk of the court shall send a photocopy of this order to the Michigan State Police Central Records Division to delete this criminal history record as required under MCL 769.16a.

**MC 263 (6/99) MOTION / ORDER OF NOLLE PROSEQUI**    MCL 28.243; MSA 4.463, MCL 767.29; MSA 28.969, MCR 5.936(D)

# United States District Court

**Western District of Michigan**

*(handwritten)* 1-7-03 pm
JG/SRF/CRP/MKR

UNITED STATES OF AMERICA

v.

JASON ANDREW POTTER

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

Case Number: 1:02-CR-144

Anthony J. Valentine
Defendant's Attorney

THE DEFENDANT:

■ pleaded guilty to Count One.
☐ pleaded nolo contendere to Count(s)    which was accepted by the court.
☐ was found guilty on Count(s)    after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 26 U.S.C. §5861(d) | May 2, 2002 | One |

**Nature of Offense:**

Possession of a Short-Barreled Shotgun

The defendant is sentenced as provided in pages 2 through _6_ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has been found not guilty on Count(s)  .

☐    Count(s)    (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: May 1, 1978
Defendant's US Marshal's No.: 11019-040

Defendant's Address:
1483 Beckwith View Ave., N.E.
Grand Rapids, MI 49505-5815

Date of Imposition of Judgment: January 3, 2003

Certified as a True Copy
Ronald C. Weston, Sr., Clerk

By_____
Deputy Clerk
U.S. District Court
Western Dist. of Michigan
Date___JAN - 6 ____

DATED: _January 6, 2013_

_(signature)_
HON. DAVID W. McKEAGUE
U.S. DISTRICT JUDGE

AO 245B (Rev. 3/01) Sheet 5, Part B - Criminal Monetary Penalties
Judgment--Page 6 of 6
Defendant: JASON ANDREW POTTER
Case Number: 1:02-CR-144

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   ■   Lump sum payment of $100.00 due immediately.

☐   not later than _____, or
☐   in accordance with ☐ C, ☐ D, or ☐ E below; or

**B**   ☐   Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

**C**   ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____ over a period of (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____ over a period of (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**   ☐   Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan, NW, Grand Rapids, Michigan 49503, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 3/01) Sheet 3 - Supervised Rele.
Judgment--Page 3 of 6
Defendant: JASON ANDREW POTTER
Case Number: 1:02-CR-144

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) YEARS**.

     The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenders qualifying for collection of a DNA sample pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000:*

    ☐    The defendant shall cooperate in the collection of DNA as directed by their probation officer.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests within 60 days.

    ☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

*For offenders convicted of a domestic violence crime defined in 18 U.S.C. § 3561(b):*

    ☐    The defendant shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50 mile radius of the legal residence of the defendant.

*For offenders described in 18 U.S.C. § 4042(c)(4) who committed offenses after November 26, 1998:*

    ☐    The defendant shall report the address where they will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in the state where the defendant resides, is employed, carries on a vocation, or is a student.

■    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court and shall also comply with the special conditions of supervision set forth on the attached page(s).

EXHIBIT No.3

# STATE OF MICHIGAN
## THE CIRCUIT COURT FOR THE COUNTY OF KENT
* * * * * * * *

THE PEOPLE OF THE
STATE OF MICHIGAN,

vs

    JASON ANDREW POTTER,
    Defendant,

CASE NO.: 02-11909-FH

ORDER OF RE-ARRAIGNMENT
PLEA OF GUILTY
TO THE 2ND COUNT(S)
OF THE AMENDED INFORMATION,

CHARGE: ACC. AFTER THE FACT TO A
FELONY

REMANDED TO THE KENT COUNTY JAIL

---

At a session of this Court held this 28 day of January, 2003, Kent County Courthouse, Kent County, Grand Rapids, Michigan.

Present: Honorable DONALD JOHNSTON, Circuit Judge

The defendant in this case, JASON ANDREW POTTER, now appearing in open Court with counsel, BRETT STEVENSON, and upon being re-arraigned at the Bar thereof, the reading of the information was thereupon had as to the 2ND count(s), whereupon the said defendant entered a plea of GUILTY, as charged,

    **WHEREUPON, IT IS ORDERED** that the plea of GUILTY, as now made to the 2ND count(s) in the information be entered by the Court Clerk,

    **THEREFORE, IT IS ALSO ORDERED** that sentence be and hereby is deferred until a pre-sentence investigation report is completed by the Probation Officer for the County of Kent,

    **AND, IT IS FURTHER ORDERED** that the defendant be remanded to the Kent County Jail, and until sentencing on 3-25-03 AT 2PM.

    **PLEA AGREEMENT**: COUNT 1 AND SUPPLEMENTAL INFORMATION WILL BE DISMISSED. PROSECUTOR RECOMMENDS CONCURRENT TIME. DEF TO COOPERATE AGAINST CO-DEF. DEF TO PAY FULL RESTITUTION

                         DONALD JOHNSTON, Circuit Judge

```
DEVCB                      SENTENCE MONITORING                    03-2003
PAGE 001          *        COMPUTATION DATA          *        13:56:20
                           AS OF 10-03-2003

REGNO..: 11019-040 NAME: POTTER, JASON ANDREW           EXHIBIT No. 4    Page 1/3


    FBI NO...........: 781540HB0             DATE OF BIRTH: 05-01-1978
    ARS1.............: DEV/A-DES
    UNIT.............: J CC                  QUARTERS.....: J04-404U
    DETAINERS........: NO                    NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 11-14-2005 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: MICHIGAN, WESTERN DISTRICT
DOCKET NUMBER...................: 1:02-CR-144
JUDGE...........................: MCKEAGUE
DATE SENTENCED/PROBATION IMPOSED: 01-03-2003
DATE COMMITTED..................: 06-04-2003
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00         $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY: NO  SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  138
OFF/CHG: 26:5861(D) POSSESSION OF A SHORT-BARRELED SHOTGUN.

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:    36 MONTHS
  TERM OF SUPERVISION............:     3 YEARS
  DATE OF OFFENSE................: 05-02-2002




G0002      MORE PAGES TO FOLLOW . . .
```

REGNO..: 11019-040 NAME: POTTER, JASON ANDREW        **EXHIBIT No. 4    Page 2/3**

------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 06-24-2003 AT DEV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 04-06-2003
TOTAL TERM IN EFFECT............:   36 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS
EARLIEST DATE OF OFFENSE........: 05-02-2002

JAIL CREDIT.....................:  FROM DATE    THRU DATE
                                   07-03-2002   07-03-2002

TOTAL PRIOR CREDIT TIME.........: 1
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 141
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 11-14-2005
SIX MONTH /10% DATE.............: 08-12-2005
EXPIRATION FULL TERM DATE.......: 04-04-2006


PROJECTED SATISFACTION DATE.....: 11-14-2005
PROJECTED SATISFACTION METHOD...: GCT REL


G0000        TRANSACTION SUCCESSFULLY COMPLETED

```
  DEVCB  542*22 *              SENTENCE MONITORING                    *  10-03-2003
PAGE 001 OF 001 *                GOOD TIME DATA                       *    13:56:27
                              AS OF  10-03-2003

REGNO...: 11019-040   NAME: POTTER, JASON ANDREW    EXHIBIT No. 4   Page 3/3
ARS 1...: DEV A-DES                                    PLRA
COMPUTATION NUMBER..: 010                    FUNC..: PRT   ACT DT:
LAST UPDATED: DATE.: 06-24-2003              FACL..: DEV    CALC: AUTOMATIC
UNIT................: J CC                    QUARTERS............: J04-404U
DATE COMP BEGINS....: 04-06-2003             COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 1                       TOTAL INOP TIME.....: 0
CURRENT REL DT......: 04-04-2006 TUE         EXPIRES FULL TERM DT: 04-04-2006
PROJ SATISFACT DT...: 11-14-2005 MON         PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                        ACTUAL SATISF METHOD:
DAYS REMAINING......:                        FINAL PUBLC LAW DAYS:

--------------------------GOOD CONDUCT TIME AMOUNTS--------------------------

   START      STOP      MAX POSSIBLE TO    ACTUAL TOTALS   VESTED   VESTED
   DATE       DATE      DIS   FFT         DIS   FFT       AMOUNT    DATE
   04-05-2003 04-04-2004  54
   04-05-2004 04-04-2005  54
   04-05-2005 11-14-2005  33

       TOTAL EARNED AMOUNT...........................................:    0
       TOTAL EARNED AND PROJECTED AMOUNT.............................:  141
```

G0005     TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

EXHIBIT NO. 5 Page 1/3

NAME: **JASON POTTER**        REGISTER NUMBER: **11019-040**

Federal Medical Center
Devens, MA

## ADMINISTRATIVE REMEDY PROCEDURES FOR INMATES
## INFORMAL RESOLUTION FORM

**NOTE TO INMATE:** You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 (BP-229(13)), you **must** attempt to informally resolve your complaint through your Correctional Counselor. Briefly state **one** complaint below and **list what efforts you have made** to resolve your complaint informally, state the **names of staff contacted**, and the **relief that you are requesting.**

DATE FORM ISSUED AND INITIALS OF CORRECTIONAL COUNSELOR: 11/21/0 ~~76~~ ✓

Unit: JB

**INMATE'S COMMENTS:**

1. Complaint: I HAVE ASKED I.S.M. FOR CREDIT FOR JAIL TIME TO WHICH I AM DUE. (SEE ATTACHED COP-OUT TO I.S.M.) THEY ARE NOT CORRECT IN THEIR CALCULATION OF MY CREDITS. I WAS SENTENCED FIRST IN FEDERAL COURT. there was no state sentnece in existence at the time i was sentenced. THEREFORE, ACCORDING TO LAW, THE FEDERAL SENTENCE CANNOT BE CONSECUTIVE TO A STATE SENTENCE THAT DOES NOT EXIST AT THE TIME THE FEDERAL SENTENCE IS PRONOUNCED. I AM DUE THE TIME FOR TWO MONTHS CUSWTODY (5/2/02-7/2/02) FOR WHICH I WAS HELD BY THE STATE FOR THE GUN CHARGE AND THE 3 MONTHS 3 DAYS

2. Efforts made by you to informally resolve: ~~FROM THE TIME I WAS SENTENCED IN FEDERAL CO~~

I SENT AN INFORMAL REQUEST COP-OUT TO I.S.M. (COPY ATTACHED). THEY REFUSE TO GIVE ME MY REQUESTED TIME.

3. Names of staff you contacted: I.S.M. OFFICERS

4. Relief Requested: I WANT MY 5 MONTHS 3 DAYS JAIL TIEM CREDITS TO WHICH I AM DUE.

Date returned to counselor: ~~NOVEMBER 23, 2003~~

12/5/03 ✓



EXHIBIT NO. 5

BP-S148.055 INMATE REQUEST TO STAFF CDRFM
SEP 98
U.S. DEPARTMENT OF JUSTICE

**FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| INMATE MANAGEMENT SYSTEMS (I.M.S.) | NOVEMBER 17, 2003 |
| FROM: JASON POTTER | REGISTER NO.: 11019-040 |
| WORK ASSIGNMENT: EDUCATION TEUTOR | UNIT: J-B |

SUBJECT: (Briefly state your question or concerned the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to respond to your request.)   **** CREDIT FOR JAIL TIME  ******

I WAS ARRESTED BY THE STATE OF MICHIGAN ON MAY 2, 2002. I WAS IN JAIL IN KENT COUNTY JAIL FROM MAY 2, 2002 (THE DATE OF MY ARREST) UNTIL JULY 1, 2002. THE STATE OF MICHIGAN DROPPED THE GUN CHARGE (NOLLE PROSEQUI) BUT THE FEDERAL GOVERNMENT PICKED IT UP. I WAS TRANSFERRED TO FEDERAL CUSTODY ON JULY 7, 2002 WHEREUPON I WAS RELEASED ON BAIL. I WAS ARRESTED NOVEMBER 8, 2002 ON A NEW CHARGE OF "ACCESSORY AFTER THE FACT TO HOME INVASION" AND MY FEDERAL BAIL WAS REVOKED ON NOVEMBER 12, 2002. I WAS SENTENCED ON MY FEDERAL GUN CHARGE ON JANUARY 3, 2003. THE JUDGMENT ORDERED ME "INTO THE CUSTODY OF THE U.S. MARSHALS" ON THAT DATE. I WAS STILL KEPT IN KENT COUNTY JAIL AFTER FEDERAL SENTENCING. ON JANUARY 28, 2003 I PLED GUILTY TO THE STATE OF MICHIGAN CHARGE OF "ACCESSORY AND WAS SENTENCED TO SIX (6) MONTHS WITH CREDIT TO THE DATE OF MY NOVEMBER 8, 2002 ARREST. I WAS RELEASED FROM KENT COUNTY INTO FEDERAL CUSTODY ON APRIL 6, 2003 AFTER MY SIX (6) MONTH "ACCESSORY" SENTENCE HAD EXPIRED. I WAS NOT TRANSFERRED FROM FEDERAL CUSTODY AT KENT COUNTY JAIL UNTIL APRIL 6, 2003. I ARRIVED AT F.M.C. DEVENS ON JUNE 4, 2003. THE TWO MONTHS JAIL TIME FROM 5/2/02 - 7/2/02 HAS NOT BEEN CREDITED TO ANY OTHER SENTENCE. I AM DUE THAT TIME. THE PERIOD FROM JANUARY 3, 2003 - 4/6/2003 I AM ALSO DUE SINCE MY FEDERAL SENTENCE COMMENCED TO RUN (Do not write below this line.) ON JANUARY 3, 2003. I AM DUE THAT CREDIT ALSO FOR A TOTAL CREDIT DUE OF 5 MONTHS 3 DAYS.

DISPOSITION:

- Your PSI Page 9 Paragraph (33) + (34) show you received 5 days jail, credit Time served for The 5/2/02 arrest.

- You are not receiving credit from Jan 03 to Apr 03 because you were in Federal Custody due to a Writ. The Time in question was credited to The State Sentence you served. Your Federal Sentence is Consecutive to The State Sentence, Therefore you are not eligible to receive That time as credit Toward your Federal Sentence

| Signature Staff Member: _____, Asst. ISM | Date: 11/19/03 |
|---|---|

Record Copy – File; Copy – Inmate
(This form may be replicated via WP)



This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

**EXHIBIT NO. 5    Page 3/3**

DEV 1330.13B
April 20, 2001
Attachment A

INFORMAL RESOLUTION INSTRUCTIONS: STAFF MUST COMPLETE AND ATTACH THE
ORIGINAL OF THIS FORM TO EACH BP-9 WHEN THE COMPLAINT CANNOT BE
INFORMALLY RESOLVED. THE BP-9 WILL NOT BE ACCEPTED WITHOUT THIS
COMPLETED FORM, EXCEPT THOSE APPEALING UDC ACTIONS. INFORMAL RESOLUTION
FORMS WILL NEVER BE GIVEN TO THE INMATE TO COMPLETE.


NAME: POTTER, Jason    REG. NO.: 11019-040    UNIT: J CC

DATE BP-9 REQUESTED:_____

DATE BP-9 ISSUED    :_____

DATE BP-9 RETURNED :_____


INMATE'S COMPLAINT: Inmate Potter complains that he did not receive credit for jail time that is due
to him.

RELIEF REQUESTED: Inmate Potter is requesting to receive 5 months and 3 days jail time credit.

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: Your PSI page 9 paragraph (33) +
(34) shows you received 5 days jail credit, credit time served for the 5-2-02 arrest.
You are not receiving jail credit from January 2003 to April 2003 because you were in federal custody
due to a writ. The time in question was credited to the state sentence, therefore you are not eligible to
receive that time as credit toward your federal sentence.

CORRECTIONAL COUNSELOR: _____ DATE: 12/5/03


UNIT MANAGER'S COMMENTS/ASSISTANCE:
                    noted

UNIT MANAGER: _____ DATE: 12/5/03

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

**EXHIBIT No. 6**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | POTTER, JASON | # 11019-040 | J-B | FEDERAL MEDICAL CENTER |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION DEVENS |

**Part A– INMATE REQUEST** TO THE WARDEN OF F.M.C. DEVENS, WARDEN D. WINN: SIR, I WAS INCARCERATED ON MY GUN CHARGE BY THE STATE OF MICHIGAN ON MAY 2, 2002 UNTIL RELEASE ON BAIL AFTER THE STATE DROPPED THE CHARGES AND THE FEDERAL GOVT. PICKED IT UP ON JULY 1, 2002. ON NOVEMBER 8, 2002 I WAS ARRESTED ON STATE CHARGES FOR AN ADDITIONAL OFFENSE AND MY FEDERAL BAIL WAS REVOKED AS OF THAT DATE TOO. I WAS SENTENCED ON THE FEDERAL GUN CHARGE ON JANUARY 3, 2003. I AM DUE CREDIT FOR CUSTODY TOWARD MY GUN CHARGE FROM 5/2/02 - 7/1/02; 11/8/02-1/3/03; AND 1/3/03-4/6/03 WHEN I WAS TRANSFERRED FROM COUNTY PRISON ON ANOTHER CHARGE BACK INTO FEDERAL"CUSTODY", OR A TOTAL CREDIT OF 6 MONTHS 29 DAYS.IN MY BP-8 I FORGOT TO ADD THE PERIOD FROM 11/8/02-1/3/03. THUS THE NEARLY 2 MONTHS ADDITIONAL CREDIT I AM DUE. SINCE MY FEDERAL SENTENCE CAME FIRST AND NO OTHER SENTENCE WAS IN EXISTENCE AT THE TIME IT WAS GIVEN TO ME, WHAT HAPPENED AFTER THAT SENTENCING IS IRRELEVANT FOR PURPOSES OF COMPUTING THE AMOUNT OF "JAIL CREDITS" THAT I AM DUE. THE STATE SENTENCE OF 6 MONTHS FOR "ACCESSORY AFTER THE FACT TO HOME INVASION" SHOULD HAVE ABSOLUTELY NO EFFECT TO MY FEDERAL SENTENCE WHICH WAS ALREADY RUNNING WHEN I RECEIVED THAT STATE SENTENCE ON 1/23/03. AT THE TIME I WAS SENTENCED BY THE FEDERAL JUDGE ACCORDING TO LAW, MY FEDERAL SENTENCE BEGAN TO IMMEDIATLEY RUN, AND AT THAT TIME ALL PRIOR CUSTODY CREDIT FOR THAT GUN CHARGE WAS DUE ME. WHAT HAPPENED AFTERWARDS IS OF NO LEGAL SIGNIFICANCE.

DECEMBER 19 2003 DATE _____ SIGNATURE OF REQUESTER _____

**Part B– RESPONSE**



_____ DATE

_____ WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: 322534-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

_____ DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN    Printed on Recycled Paper

BP-229(13)
APRIL 1982

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #322334-F1**

This is in response to your Request for Administrative Remedy in which you request additional credit toward the service of your Federal sentence. The dates you request are from May 2, 2002, to July 1, 2002, and from November 8, 2002, to April 6, 2003.

Investigation of your complaint and your May 2, 2002, state arrest revealed the following: The Kent County records office recently clarified to the FMC Devens records office staff the proper disposition reported in your Federal Pre-Sentence Report. Paragraphs 33 & 34 state that on November 11, 2002, you received 5 days jail credit, time served for the May 2, 2002, arrest. Kent County informed our office that only 5 days of official detention were credited to the Kent County sentence. This leaves 58 days (May 7, 2002, through July 3, 2002) that were not credited to the Kent County sentence. The days between May 7, 2002, and July 3, 2002, were applied to your federal sentence computation on January 29, 2004.

Investigation of your request for credit from November 8, 2002, to April 6, 2003, revealed the following: On November 8, 2002, you were sentenced to serve 6 months in Kent County, Michigan. On December 31, 2002, your were borrowed via Federal WRIT from State custody. You were returned to state custody on January 3, 2003, and subsequently released on April 6, 2003, to the United States Marshals Service to commence your Federal sentence. The time served beginning November 8, 2002, to April 6, 2003, while "on loan" under the federal writ was credited toward your Kent County, Michigan sentence.

On January 3, 2003 you were sentenced in the U.S. District Court, Western District of Michigan to 36 months. At the time of sentencing, you were in the primary jurisdiction of Kent County, Michigan and were merely borrowed by the United States Marshals Service for the sole purpose of sentencing. Your Federal judgement was silent as to whether your term of imprisonment should run concurrent or consecutive to your undischarged state sentence. Therefore, pursuant to Program Statement 5880.28, Sentence Computation Manual, your Federal judgement shall run consecutive to your state sentence beginning on April 6, 2003.

Program Statement 5880.28, Sentence Computation Manual, (CCCA), asserts the time spent in custody pursuant to a writ of Habeas Corpus from non-federal custody will not in and of itself be considered for the purpose of awarding prior custody credit. This assertion is founded in 18 U.S.C. § 3585(b) which controls prior custody credits. It indicates that, "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

Based on the information above, your request is partially granted in that you have been granted an additional 58 days of prior custody credit (May 7, 2002, through July 3, 2002), and partially

**EXHIBIT No. 7       Page 2/2**

denied in that you are not eligible to receive credit for any other days requested.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Northeast Regional Office within 20 days of the date of this response.

_____          2/9/4
David L. Winn, Warden                              Date

U.S. Department of Justice

Federal Bureau of Prisons

*ISSUED 2/11/14* ~~Exp~~

**Regional Administrative Remedy Appeal**

EXHIBIT No. 8

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __POTTER, JASON__  __11019-040__  __UNIT J-B__  __FEDERAL MEDICAL CENTER__
    LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION **DEVENS**

**Part A—REASON FOR APPEAL** TO THE NORTHEAST REGIONAL GENERAL COUNSEL: SIR/MADAM, AS THE ATTACHED BP-8 AND BP-9 SHOW, I BELIEVE THAT I AM ENTITLED TO RECEIVE ADDITIONAL JAIL TIME CREDITS BASED UPON THE ARGUMENTS STATED THEREIN. THE I.S.M. HAS GIVEN ME THE 58 DAYS FROM MAY 7, 2002 THROUGH JULY 3, 2002. HOWEVER, THEY DENY THE BALANCE OF NEARLY FIVE (5) MONTHS I STILL HAVE COMING DUE AS A CREDIT. SPECIFICALLY, THEY CITE AN ERROR IN THE BP-9 RESPONSE TO WIT: "ON NOVEMBER 8, 2002, YOU WERE SENTENCED TO SERVE 6 MONTHS IN KENT COUNTY, MICHIGAN". THIS IS WRONG !!! I WAS FIRST SENTENCED IN FEDERAL COURT ON JANUARY 3, 2003. THEN AFTER THAT FEDERAL SENTENCING, I WAS "BORROWED" TO BE SNETENCED IN STATE OF MICHIGAN COURT ON JANUARY 28, 2003. THAT STATE OF MICHIGAN COURT SENTENCED ME TO SIX (6) MONTHS RETROACTIVE TO NOVEMBER 8, 2002 THE DATE THAT I WAS ARRESTED ON THOSE STATE CHARGES. THERE WAS NO SENTENCE IN EXISTENCE AT THE TIME OF RECEIVING MY FEDERAL SENTENCE. IT COULD NOT BE CONSECUTIVE TO ANYTHING NOT YET IN EXISTENCE AT THAT TIME. THAT IS THE LAW. I AM STILL DUE TIME FROM 5/2/02 - 7/2/02 AND 1/3/03 - 4/6/03. A FEDERAL SENTENCE CANNOT BE MADE CONSECUTIVE TO SOME SENTENCE TO BE PRONOUNCED IN THE FUTURE . THAT IS THE LAW. I AM STILL ENTITLED TO 5 MONTHS AND 3 DAYS BASED UPON THE FOREGOING. THANK YOU.

__FEBRUARY 15, 2004__           _____
      DATE                            SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                _____
      DATE                                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                      CASE NUMBER: __322334-R1__

**Part C—RECEIPT**

                                                 CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

USP LVN     DATE            Previous editions not usable ⊛ _____       SIGNATURE, RECIPIENT OF REGIONAL APPEAL       BP-230(13)
                                                                               APRIL 1982

## EXHIBIT No. 9

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 9, 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : JASON ANDREW POTTER, 11019-040
      DEVENS FMC    UNT: J CC    QTR: J04-404U
      P.O. BOX 880
      AYER,  MA 01432

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 322334-R1      REGIONAL APPEAL
DATE RECEIVED   : MARCH 8, 2004
SUBJECT 1       : CREDIT FOR TIME SPENT IN JAIL
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REMARKS         : YOU MUST PROVIDE WRITTEN VERIFICATION FROM STAFF
                 REGARDING YOUR UNTIMELINESS. YOUR APPEAL WAS DUE
                 IN THIS OFFICE ON OR BEFORE 03-02-2004.

NAME:  **JASON POTTER**                REGISTER NUMBER:  **11019-040**

## EXHIBIT No. 10
Federal Medical Center
Devens, MA

## ADMINISTRATIVE REMEDY PROCEDURES FOR INMATES
## INFORMAL RESOLUTION FORM

<u>NOTE TO INMATE:</u> You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 (BP-229(13), you <u>must</u> attempt to informally resolve your complaint through your Correctional Counselor. Briefly state <u>one</u> complaint below and <u>list what efforts you have made</u> to resolve your complaint informally, state the <u>names of staff contacted</u>, and the <u>relief that you are requesting.</u>

DATE FORM ISSUED AND INITIALS OF CORRECTIONAL COUNSELOR: _Uf Jmgr_

Unit: _J 3/11/04_

<u>INMATE'S COMMENTS:</u>

1. Complaint:__  I HAVE ASKED I.S.M. FOR CREDIT FOR JAIL TIME TO WHICH I AM DUE. (SEE ATTACHED COP-OUT TO I.S.M.) THEY ARE NOT CORRECT IN THEIR CALCULATION OF MY CREDITS. I WAS SENTENCED FIRST IN FEDERAL COURT. THERE WAS NO STATE SENTENCE IN EXISTENCE AT THE TIME I WAS SENTENCED. THE STATE SENTENCE CAME AFTER THE FEDERAL SENTNECE BUT WAS MADE RETROACTIVE TO NOVEMBER, 8, 2002. I WAS NOT SENTENCED ON THAT DATE. I WAS GIVEN CREDIT FOR THE TWO (2) MONTHS I ASKED FOR BUT NO CREDIT FROM NOVEMBER 8, 2002 TO APRIL 6, 2003. THE JUDGMENT ORDERED ME INTO THE CUSTODY OF THE U.S. MARSHALS TO BEGIN MY SENTENCE

2. Efforts made by you to informally resolve:_____

  I SENT AN INFORMAL REQUEST COP-OUT TO I.S.M. (COPY ATTACHED). THEN A BP-9 RESPONSE GAVE ME CREDIT FOR MAY 7, 2002 THROUGH JULY 3, 2002. BUT I HAVE TO START MY ADMINISTRATIVE REMEDIES AGAIN BECAUSE MY BP-10 WAS CLAIMED TO BE LATE ALTHOUGH I MAILED IT BY REGULAR MAIL TWO (2) WEEKS BEFORE THE DUE DATE.

3. Names of staff you contacted:  **I.S.M. OFFICERS** _____

4. Relief Requested:  I AM REQUESTING THE JAIL TIME CREDITS FROM NOVEMBER 8, 2002 UP TO APRIL 6, 2003 OR A TOTAL OF  ONE HUNDRED AND FIFTY DAYS (150 DAYS) CREDIT PLUS THEIR INCLUSION FOR CALCULATION OF THE 54 DAYS OF GOOD TIME CREDITS ANNUALLY FOR ME IN FEDERAL PRISON AS PART OF MY TOTAL FEDERAL SENTENCE OF 37 MONTHS IMPRISONMENT._____

_____

Date returned to counselor:____**MARCH 12, 2004**_____

_You can not File Twice on The Same Issue. You Already received A response regarding This Issue._

_Stahnick 3/22/04_