UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JASON POTTER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 04-CV-40052 |
| | ) | |
| DAVID WINN, Warden, | ) | |
| Respondent. | ) | |
| | ) | |

DECLARATION OF STEPHANIE SCANNELL

I, Stephanie Scannell, hereby make the following declaration:

1.    I am currently employed by the Federal Bureau of Prisons (BOP) of the United States
Department of Justice as a Paralegal Trainee at the Consolidated Legal Center located at
the Federal Medical Center (FMC) in Devens, Massachusetts.  I have been employed at
this position since approximately March 9, 2003, and have been with the BOP since
October 6, 2002.

2.    In order to perform my official duties as Paralegal Trainee, I have access to numerous
records regarding prisoners maintained in the ordinary course of business at FMC
Devens.  This information includes, but is not limited to, documentary records, Judgment
and Commitment files, and computerized records maintained on SENTRY, the Bureau of
Prisons computerized data base.

3.    I have access to the various databases and files concerning administrative remedy claims
filed pursuant to the Administrative Remedy Program, which are maintained by the
Bureau of Prisons in the ordinary course of business.  In particular, I have access to
SENTRY, which maintains a record of all of the administrative remedies filed by an
inmate, the dates thereof, and the dispositions.  These records reflect every administrative
remedy claim filed by an inmate in the Bureau of Prisons, while housed in any federal
institution of the Bureau of Prisons.

4.  The Bureau of Prisons has established an administrative remedy procedure whereby inmates can seek formal review of any complaint regarding any aspect of their imprisonment. Petitioner had available to him the four step procedures set forth in the BOP's Administrative Remedy Program. 28 C.F.R. § 542. The BOP regulations provide "a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement... if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. In accordance with the BOP's Administrative Remedy Program, an inmate shall first attempt informal resolution of his complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. 28 C.F.R. § 542.13(a). If the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the Warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14(a). If the inmate's formal request is denied, the inmate may submit an appeal to the appropriate Regional Director of the BOP, within twenty calendar days of the date of the Warden signed the response. 28 C.F.R. § 542.15(a). A negative decision from the Regional Director may in turn be appealed to the General Counsel's office (in the Central Office) within thirty calendar days of the date the Regional Director signed the response. Id. No administrative remedy appeal is considered to have been fully exhausted until considered by the Bureau of Prisons' Central Office. 28 C.F.R. §§ 542.14-542.15. This Program is available to inmates confined at the FMC Devens and would include any issues surrounding sentence calculations.

4.  On October 8, 2004, I ran a SENTRY search to determine if inmate Jason Potter, Reg. No. 10466-036, had filed any administrative remedy claims under the Administrative Remedy Program in regard to the allegations in his Petition. A review of his Administrative Remedy Record revealed that on or about December 9, 2002, inmate Potter filed a Request for Administrative Remedy at FMC Devens asking for additional credit on his federal sentence. The Warden denied this Request, stating the time in question had been credited to Petitioner's state sentence. On an unknown date, inmate Potter sent a Regional Administrative Appeal to the Northeast Regional Director. This Appeal was received in the Northeast Regional Office on March 8, 2004. Pursuant to 28 C.F.R. § 542.15, it was rejected due to untimely filing since it had been over 20 days since the Warden's response. According to Bureau of Prisons' records, inmate Potter made no attempt to resubmit his appeal with written verification from staff explaining the delay. Instead, inmate Potter submitted a Request for Informal Resolution regarding additional sentence credit. Because the Warden had already addressed inmate Potter's issue, his informal resolution form was rejected by staff. Therefore, Petitioner has not exhausted his administrative remedies since he has only exhausted the first tier of the

5.    Attached hereto, please find true and correct copies of the following documents:

    a.    Admission-Release Data for inmate Jason Potter, Register Number 11019-040, dated October 8, 2004;

    b.    Judgment and Commitment Order (attached in relevant part);

    c.    Sentencing Computation Data for inmate Jason Potter, Register Number 11019-040, dated October 8, 2004;

    d.    Memorandum for J&C File from A. Amico, Assistant Inmate Systems Manager, dated February 3, 2004;

    e.    United States Marshal Service Individual Custody and Detention Report;

    f.    Jail Charge Record from Kent County Sheriff's Office for Jason Andrew Potter;

    g.    Inmate Request to Staff, and Response;

    h.    Request for Administrative Remedy, Case Number 322334-F1, and Response;

    i.    Administrative Remedy Generalized Retrieval for inmate Jason Potter, Register Number 11019-040, dated December 2, 2004;

    j.    Informal Resolution Form, dated March 12, 2004;

    k.    Program Statement 1330.13, <u>Administrative Remedy Program</u> (attached in relevant part).

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this __6th__ day of December, 2004

Stephanie J. Scannell
Paralegal Trainee
FMC Devens

EXHIBIT 1

DOCUMENT 1a

Case 4:04-cv-40052-FDS   Document 7-2   Filed 12/06/2004   Page 5 of 40

```
REG NO..: 11019-040 NAME....: POTTER, JASON ANDREW
CATEGORY: ARS         FUNCTION: DIS        FORMAT:

FCL     ASSIGNMENT DESCRIPTION                     START DATE/TIME STOP  DATE/TIME
DEV     A-DES        DESIGNATED, AT ASSIGNED FACIL 09-21-2004 1236 CURRENT
DEV     LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN   09-21-2004 1041 09-21-2004 1236
DEV     A-DES        DESIGNATED, AT ASSIGNED FACIL 08-18-2004 1644 09-21-2004 1041
DEV     LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN   08-18-2004 1347 08-18-2004 1644
DEV     A-DES        DESIGNATED, AT ASSIGNED FACIL 02-09-2004 1615 08-18-2004 1347
DEV     LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN   02-09-2004 1326 02-09-2004 1615
DEV     A-DES        DESIGNATED, AT ASSIGNED FACIL 01-26-2004 1102 02-09-2004 1326
DEV     LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN   01-26-2004 0616 01-26-2004 1102
DEV     A-DES        DESIGNATED, AT ASSIGNED FACIL 01-07-2004 1652 01-26-2004 0616
DEV     LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN   01-07-2004 1249 01-07-2004 1652
DEV     A-DES        DESIGNATED, AT ASSIGNED FACIL 01-07-2004 0248 01-07-2004 1249
DEV     LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN   01-07-2004 0054 01-07-2004 0248
DEV     A-DES        DESIGNATED, AT ASSIGNED FACIL 11-08-2003 1416 01-07-2004 0054
DEV     LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN   11-05-2003 1214 11-08-2003 1416


G0002        MORE PAGES TO FOLLOW . . .
```

```
REG NO..: 11019-040 NAME....: POTTER, JASON ANDREW
CATEGORY: ARS       FUNCTION: DIS        FORMAT:
```

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|-----------|-------------|-----------------|----------------|
| DEV | A-DES | DESIGNATED, AT ASSIGNED FACIL | 10-11-2003 0137 | 11-05-2003 1214 |
| DEV | LOCAL HOSP | ESC TRIP TO LOCAL HOSP W/RETN | 10-10-2003 2338 | 10-11-2003 0137 |
| DEV | A-DES | DESIGNATED, AT ASSIGNED FACIL | 09-17-2003 1636 | 10-10-2003 2338 |
| DEV | LOCAL HOSP | ESC TRIP TO LOCAL HOSP W/RETN | 09-17-2003 1304 | 09-17-2003 1636 |
| DEV | A-DES | DESIGNATED, AT ASSIGNED FACIL | 09-02-2003 1335 | 09-17-2003 1304 |
| DEV | LOCAL HOSP | ESC TRIP TO LOCAL HOSP W/RETN | 09-02-2003 1054 | 09-02-2003 1335 |
| DEV | A-DES | DESIGNATED, AT ASSIGNED FACIL | 08-19-2003 1347 | 09-02-2003 1054 |
| DEV | LOCAL HOSP | ESC TRIP TO LOCAL HOSP W/RETN | 08-19-2003 0951 | 08-19-2003 1347 |
| DEV | A-DES | DESIGNATED, AT ASSIGNED FACIL | 08-13-2003 1445 | 08-19-2003 0951 |
| DEV | LOCAL HOSP | ESC TRIP TO LOCAL HOSP W/RETN | 08-13-2003 1113 | 08-13-2003 1445 |
| DEV | A-DES | DESIGNATED, AT ASSIGNED FACIL | 06-10-2003 1042 | 08-13-2003 1113 |
| DEV | LOCAL HOSP | ESC TRIP TO LOCAL HOSP W/RETN | 06-05-2003 1404 | 06-10-2003 1042 |
| DEV | A-DES | DESIGNATED, AT ASSIGNED FACIL | 06-04-2003 1324 | 06-05-2003 1404 |
| A01 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 06-04-2003 1324 | 06-04-2003 1324 |

```
G0002      MORE PAGES TO FOLLOW . . .
```

```
REG NO..: 11019-040 NAME....: POTTER, JASON ANDREW
 CATEGORY: ARS      FUNCTION: DIS        FORMAT:

FCL      ASSIGNMENT DESCRIPTION                  START DATE/TIME STOP   DATE/TIME
A01      A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-04-2003 0723 06-04-2003 1324
ATL      HLD REMOVE HOLDOVER REMOVED              06-04-2003 0723 06-04-2003 0723
ATL      A-HLD      HOLDOVER, TEMPORARILY HOUSED  06-03-2003 1950 06-04-2003 0723
A01      RELEASE    RELEASED FROM IN-TRANSIT FACL 06-03-2003 1950 06-03-2003 1950
A01      A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-03-2003 1020 06-03-2003 1950
OKL      HLD REMOVE HOLDOVER REMOVED              06-03-2003 0920 06-03-2003 0920
OKL      A-HLD      HOLDOVER, TEMPORARILY HOUSED  05-07-2003 1700 06-03-2003 0920
A02      RELEASE    RELEASED FROM IN-TRANSIT FACL 05-07-2003 1800 05-07-2003 1800
A02      A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-07-2003 1205 05-07-2003 1800
MIL      HLD REMOVE HOLDOVER REMOVED              05-07-2003 1205 05-07-2003 1205
MIL      A-HLD      HOLDOVER, TEMPORARILY HOUSED  04-18-2003 1220 05-07-2003 1205




G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

EXHIBIT 1

DOCUMENT 1b

AO 245B (Rev. 3/01) Sheet 1 - Judgment in a Criminal Case

# United States District Court

### Western District of Michigan

1-7-03 pm

J6/SRF/CRP/MKR

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |

**JASON ANDREW POTTER**

Case Number: 1:02-CR-144

Anthony J. Valentine
Defendant's Attorney

THE DEFENDANT:
- ■ pleaded guilty to Count One.
- ☐ pleaded nolo contendere to Count(s)   which was accepted by the court.
- ☐ was found guilty on Count(s)   after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 26 U.S.C. §5861(d) | May 2, 2002 | One |

Nature of Offense:

Possession of a Short-Barreled Shotgun

The defendant is sentenced as provided in pages 2 through _6_ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐   The defendant has been found not guilty on Count(s)  .

- ☐   Count(s)   (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment: January 3, 2003

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: May 1, 1978
Defendant's US Marshal's No.: 11019-040

Certified as a True Copy
Ronald C. Weston, Sr., Clerk

OCT-8-2004  01:41P FROM:

 245B (Rev. 3/01) Sheet 2 - Imprisonment                                                    TO:1040
udgment--Page 2 of 6                                                                                P:4/4
efendant: JASON ANDREW POTTER
ase Number: 1:02-CR-144

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **THIRTY-SIX (36) MONTHS.**

■ The court makes the following recommendations to the Bureau of Prisons:
   Defendant shall be designated to a Bureau of Prisons' facility that can adequately address his physical, mental, and substance abuse needs.

■ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district
      ☐ at __ a.m./p.m. on __.
      ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
      ☐ before 2 p.m. on __.
      ☐ as notified by the United States Marshal.
      ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

_____, with a certified copy of this judgment.

_____
United States Marshal

By_____
Deputy United States Marshal

AO 245B (Rev. 3/01) Sheet 3 - Supervised Rele
Judgment—Page 3 of 6
Defendant: JASON ANDREW POTTER
Case Number: 1:02-CR-144

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) YEARS.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenders qualifying for collection of a DNA sample pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000:*

☐    The defendant shall cooperate in the collection of DNA as directed by their probation officer.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests within 60 days.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

*For offenders convicted of a domestic violence crime defined in 18 U.S.C. § 3561(b):*

☐    The defendant shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50 mile radius of the legal residence of the defendant.

*For offenders described in 18 U.S.C. § 4042(c)(4) who committed offenses after November 26, 1998:*

☐    The defendant shall report the address where they will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in the state where the defendant resides, is employed, carries on a vocation, or is a student.

■    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties

AO 2456 (Rev. 3/01) Sheet 3 cont'd - Supervised Rel   1 Conditions of Supervision
Judgment—Page 4 of 6
Defendant: JASON ANDREW POTTER
Case Number: 1:02-CR-144

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least fifteen days prior to any change in residence or employment;
7. the defendant shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability as determined by the probation officer.
2. The defendant shall refrain from all use of alcoholic beverages.
3. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability as determined by the probation officer.

AO 245B (Rev. 3/01) Sheet 5, Part A - Criminal Monetary Penalties
Judgment--Page 5 of 6
Defendant: JASON ANDREW POTTER
Case Number: 1:02-CR-144

### CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|         | Assessment | Fine | Restitution |
|---------|-----------|------|-------------|
| TOTALS: | $100.00   | $0   | $0          |

☐   The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|---------------------|-------------------------------|------------------------------------------|
| TOTALS        | $0                  | $0                            |                                          |

☐   If applicable, restitution amount ordered pursuant to plea agreement $_____

☐   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

AO 245B (Rev. 3/01) Sheet 5, Part B - Criminal Monetary ...
Judgment--Page 6 of 6
Defendant: JASON ANDREW POTTER
Case Number: 1:02-CR-144

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ■  Lump sum payment of $100.00 due immediately.

        ☐    not later than _____, or
        ☐    in accordance with ☐ C, ☐ D, or ☐ E below; or

**B**  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

**C**  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____over a period of (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____over a period of (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan, NW, Grand Rapids, Michigan 49503, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court

EXHIBIT 1

DOCUMENT 1c

```
   DEVAA  540*23 *              SENTENCE MONITORING              *    10-08-2004
PAGE 001           *            COMPUTATION DATA                 *    13:53:48
                                AS OF 10-08-2004

REGNO..: 11019-040 NAME: POTTER, JASON ANDREW


   FBI NO...........: 781540HB0          DATE OF BIRTH: 05-01-1978
   ARS1.............: DEV/A-DES
   UNIT.............: J CC               QUARTERS.....: J02-223U
   DETAINERS........: NO                 NOTIFICATIONS: NO

   PRE-RELEASE PREPARATION DATE: 06-28-2005

   THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
   THE INMATE IS PROJECTED FOR RELEASE:  10-01-2005 VIA GCT REL

   ----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

   COURT OF JURISDICTION...........: MICHIGAN, WESTERN DISTRICT
   DOCKET NUMBER...................: 1:02-CR-144
   JUDGE...........................: MCKEAGUE
   DATE SENTENCED/PROBATION IMPOSED: 01-03-2003
   DATE COMMITTED..................: 06-04-2003
   HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
   PROBATION IMPOSED...............: NO

                    FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
   NON-COMMITTED.: $100.00         $00.00          $00.00        $00.00

   RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

   ------------------------CURRENT OBLIGATION NO: 010 --------------------------
   OFFENSE CODE....:  138
   OFF/CHG: 26:5861(D) POSSESSION OF A SHORT-BARRELED SHOTGUN.

     SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
     SENTENCE IMPOSED/TIME TO SERVE.:   36 MONTHS
     TERM OF SUPERVISION............:    3 YEARS
     DATE OF OFFENSE................: 05-02-2002
```

```
   DEVAA  540*23 *          SENTENCE MONITORING          *    10-08-2004
PAGE 002 OF 002 *          COMPUTATION DATA             *    13:53:48
                           AS OF 10-08-2004
```

REGNO..: 11019-040 NAME: POTTER, JASON ANDREW

--------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 08-12-2004 AT DEV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 04-06-2003
TOTAL TERM IN EFFECT...........:   36 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS
EARLIEST DATE OF OFFENSE........: 05-02-2002
```

```
JAIL CREDIT....................:   FROM DATE    THRU DATE
                                   05-07-2002   07-03-2002
```

```
TOTAL PRIOR CREDIT TIME.........: 58
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 128
TOTAL GCT EARNED................: 49
STATUTORY RELEASE DATE PROJECTED: 10-01-2005
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 02-06-2006
```

```
PROJECTED SATISFACTION DATE.....: 10-01-2005
PROJECTED SATISFACTION METHOD...: GCT REL
```

S0055     NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

EXHIBIT 1

DOCUMENT 1d



**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Federal Medical Center**

---

*42 Patton Road*
*Devens MA 01432*

February 3, 2004

**MEMORANDUM FOR:**  Judgement & Commitment File

**FROM:**  A. Amico, Asst. ISM

**REF:**  Jail Credit on Potter 11019-040

Inmate Potter is being granted additional prior custody credit beginning 5/7/02 thru 7/3/02 after being informed by Kent County Jail (616) 632-6308 that the disposition of the 5/2/02 arrest (PSI Paragraphs 33 & 34) is not accurate. They stated that the inmate only received 5 days credit toward the service of their County sentence and he was not credited the additional days of 5/7/02 thru 7/3/02 that he was incarcerated. Therefore inmate will be granted the credit accordingly as B2 credit.

EXHIBIT 1

DOCUMENT 1e

DATE: 04/15/2003 TIME: 13:53  PAGE:    1

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
WESTERN MICHIGAN
DISTRICT: 40   OFFICE: GRA


INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)


NAME:   POTTER, JASON ANDREW
USMS NUMBER: 11019040


I. IDENTIFICATION DATA:


USMS NBR: 11019040   NAME: POTTER, JASON ANDREW


ADDRESS:  1483 BECKWITH VIEW   GRAND RAPIDS, MI 49503                          PHONE: 616-774-4859


DOB: 05/01/1978  AGE: 24  POB: GREENVILLE, MI          SEX: M  RACE: W  HAIR: BRO  EYE: BRO  HEIGHT: 511  WEIGHT: 170


SSN: 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  FBI NBR: 781540HB0   ALIEN NBR:


OTHER NUMBER                        OTHER NUMBER TYPE
FID: 667105                         OTHER


*****SPECIAL HANDLING CODE:             SPECIAL HANDLING REMARKS:
     MEDICAL                            CHRONS DISEASE, ARTHRITIS
     MEDICAL                            SUBJECT STATES HE IS NOT SUICIDAL
     MENTAL                             11/13/02 ATTEMPT TO SWALLOW MORPHINE PATCH
     MEDICAL                            04/14/03 NCJ: NEGATIVE TB TEST RESULTS


     ACTIVE DETAINERS:                  DETAINER DATE   AGENCY
     NONE


     PRISONERS ALIASES:                 ALIAS REMARKS:
     NONE


     GENERAL REMARKS:
     07/03/2002 IA B4 SCOVILLE, RELEASED ON BOND
     7/12/02 ARR, IPTC B4 SCOVILLE    BOND CONT.
     8/16/02 FPTC,BND,TO PLEAD ON 8/26
     8/20/02 PLED B4 BRENNEMAN - BOND CONTINUED
     10/17/02 BOND REV HRG B4 SCOVILLE - BOND CONT.
     11/13/02 REC'D SUP REL WARRANT. FILED DETAINER AT
            KENT CO JAIL. SUBJECT IS PRE-SENT @ CO.
            CURRENTLY @ BLODGETT HOSP PSY FOR HAVING
            TRIED TO SWALLOW A MORPHINE PATCH
     12/27/02 REC'D WHCAP FROM KENT CO TO LANSING
     12/31/02 PU FROM KENT ON WRIT, TF TO CLINTON CO
     01/03/03 SE BY MCKEAGUE, 36 MOS CAG, 3 YRS SR

DATE: 04/15/2003 TIME: 13:53 PAGE:     2

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
WESTERN MICHIGAN
DISTRICT: 40    OFFICE: GRA

INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

NAME:   POTTER, JASON ANDREW
USMS NUMBER: 11019040

| CTR | JUDGE NAME | US ATTORNEY NAME | DEFENSE ATTORNEY NAME |
|---|---|---|---|
| 1 | MCKEAGUE, DAVID | DELANEY, BRIAN | VALENTINE, ANTHONY |

| CTR | ARREST DATE | ARRESTING AGENCY | LOCATION OF ARREST | WARRANT NUMBER |
|---|---|---|---|---|
| 1 | 07/03/2002 | ALCOHOL, TOBACCO AND FIREARMS | KENT COUNTY JAIL | 1:02CR144 |

| CTR | OFFENSE | OFFENSE REMARK | DISPOSITION |
|---|---|---|---|
| 1 | (5299) WEAPON OFFENSE | | GUILTY (PLEA) |

| CTR | SENTENCE DATE | SENTENCE | APPEAL DATE |
|---|---|---|---|
| 1 | 01/03/2003 | 36 MOS CAG, 3YRS SR, $100 SA | **/**/**** |

III. STATUS HISTORY

| CTR | STATUS | STATUS DATE | CUSTODY DATE | RELEASE DATE | REMARK |
|---|---|---|---|---|---|
| 1 | IN-ADMIN | 07/03/2002 | 07/03/2002 | **/**/**** | |
| 1 | RL-BOND | 07/03/2002 | **/**/**** | 07/03/2002 | RELEASED ON BOND |
| 1 | READMIT | 12/31/2002 | 12/31/2002 | **/**/**** | PU ON WRIT FROM KENT COUNTY |
| 1 | WHCAP | 12/31/2002 | **/**/**** | **/**/**** | |
| 1 | RL-WHCAP | 01/03/2003 | **/**/**** | 01/03/2003 | RETURN TO KENT COUNTY JAIL |
| 1 | READMIT | 04/07/2003 | 04/07/2003 | **/**/**** | EOS @ KENT CO |
| 1 | WT-DESIG | 04/07/2003 | **/**/**** | **/**/**** | |

IV. CHRONOLOGICAL PRISONER HISTORY

| INST CODE | INSTITUTION NAME | ADMIT DATE | RELEASE DATE | DAYS BOARDED | ACTION OR DISPOSITION |
|---|---|---|---|---|---|
| BND | ON BOND | 07/03/2002 | 12/31/2002 | 1 | |
| 5YG | CLINTON CO JAIL | 12/31/2002 | 01/03/2003 | 3 | |
| 5GG | KENT CO JAIL | 04/07/2003 | 04/09/2003 | 2 | |
| 7PK | NEWAYGO COUNTY | 04/09/2003 | **/**/**** | 6 | TF FROM KENT TO CB |

TOTAL DAYS BOARDED     12

V. MEDICAL CONDITION/TREATMENT HISTORY

DATE SERVICE PROVIDED   VENDOR              SERVICE PROVIDED

EXHIBIT 1

DOCUMENT 1f

```
+---------------- JAIL CHARGE RECOR --------------------------+
| JFN P00164567 Juve N Nam POTTER,JASON ANDREW_____    Mast-Rel 84080_ |
| Bkg-No 0226563  Bk-Nam POTTER,JASON ANDREW_____       J-Rel 355374 |
+----------------------------------------------+
Jchg-No 4_ Authrity HOLD__ Chg OTH____ Chg-Lit FED DETAINER  US MARSHALL
Lvl F_ Chg-Stat HD  Top _ Chg-Date 11-13-2002 Chg-Time 1508  Oper SD2070
Cmplt-No NONE____  Chg-ORI 41FM____ Chg-Agy 41FM____  W-Dol_____
Crt FEDERAL__ Tran-Agy ____ Crt-Date _____ Crt-Time ___ Crt-Evt ___
Judge_____  D-Case_____  C-Case_____  Ctn_____
Pay F  Bail-Out N Bail-Typ __ Bail-Amt _____ Bail-Cnd ___ Bail-Ref __
+---------------- DISPOSITION -------------------------+
| Sen-Date _____ Sen-Judg _____ Consec _ V-Notify _ |
| Sen-Start _____ Str-Time ____ Sen-Yrs _ Sen-Mons _ Sen-Days _ |
| Fine-Cst _____ Fine-Dys ___ Fine-Pd __ Cfts ___ Ct ___ Wt ___ |
| Rel-Date _____ Rel-Time ____ Man-Rel _____ |
| Dis-Date 04-09-2003 Dis-Time 0831 Dis-Typ ROAG   Dis-Off SD2070 |
+-------------- REMARKS -------------------------+
| RELEASE TO US MARSHALL_____ |
|_____ |
|_____ |
| Typ __ Key _____ Next ____ Control SD20704030990831  Recno 540595_ |
+----------------------------------------------+
OKOK Kent County JMS   CHARGE RECORD RETURNED
MRCL X
+---------------- JAIL CHARGE RECORD --------------------------+
| JFN P00164567 Juve N Nam POTTER,JASON ANDREW_____     Mast-Rel 84080_ |
| Bkg-No 0226563  Bk-Nam POTTER,JASON ANDREW_____       J-Rel 355374 |
+----------------------------------------------+
Jchg-No 3_ Authrity OPEN__ Chg 7399____ Chg-Lit HOME INV 2ND  17TH
Lvl F_ Chg-Stat ES  Top _ Chg-Date 11-08-2002 Chg-Time 1715 Oper S10274
Cmplt-No 02150652  Chg-ORI STATE____ Chg-Agy 4195____  W-Dol_____
Crt MI410025J Tran-Agy 4100 Crt-Date 04-01-2003 Crt-Time 1400 Crt-Evt CTDY
Judge JOHNSTON_____  D-Case 02FY2330_  C-Case 0211909FH_ Ctn _____
Pay N  Bail-Out N Bail-Typ __ Bail-Amt _____ Bail-Cnd ___ Bail-Ref __
+---------------- DISPOSITION -------------------------+
| Sen-Date 04-01-2003 Sen-Judg JOHNSTON_____ Consec N  V-Notify _ |
| Sen-Start 11-08-2002 Str-Time 1742 Sen-Yrs _ Sen-Mons 6 _ Sen-Days _ |
| Fine-Cst _____ Fine-Dys ___ Fine-Pd __ Cfts ___ Ct 30_ Wt ___ |
| Rel-Date 04-06-2003 Rel-Time 0800 Man-Rel 05-06-2003 |
| Dis-Date 04-06-2003 Dis-Time 0346 Dis-Typ TSER   Dis-Off S10274 |
+-------------- REMARKS -------------------------+
| EOS ON CHARGE_____ |
|_____ |
|_____ |
| Typ __ Key _____ Next ____ Control S102744030960346  Recno 539922_ |
+----------------------------------------------+
CONT ***CONTINUATION*** RECALLED MESSAGE
```

EOS = End of sentence

any question?

NAMS X
    MASTER NAME FILE


NAME            DOB      S R HGT WGT HAI EYE   MNI FP
POTTER,JASON ANDREW      05-01-1978   M W 510 165 BRO BRO 134541
301 HENRY ST SE APT 1    GRAND RAPIDS

OPS/OPS-ST      PKG    SOC    SID    FBI    JFN
P360373067334/MI        375024367 1965021J  731540HB0 P00164567
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
    OUT OF CUSTODY OUT JAIL

BKG-NO BK-DATE  BK-NAM          J-STAT OVCS TYP-PRIS REL-DATE  REAS
   JCHG-NO/CHG-LIT   LVL C-STAT CHG-DATE  BAIL/BOND  DIS-TYP/DATE
0226563 11-08-2002 POTTER,JASON ANDREW   BOOK  HD   STA  04-09-2003 ROAG  — *Released to another agency JSMS*
   HAZARDS: SO        ER      GM      MD
   HAZARDS: MD        PM      ME      AH
   HAZARDS: MN
   01 BW FTA REST LIC 6 M  RC   11-08-2002  NO BAIL  RELC 11-14-2002
   02 BW FTA REST LIC 6 M  RC   11-08-2002  NO BAIL  RELC 11-14-2002
   03 HOME INV 2ND  17T F  ES   11-08-2002 04-06-2003  TSER 04-06-2003  — *Time served*
   04 FED DETAINER  US F  HD   11-13-2002  NO BAIL  ROAG 04-09-2003
CONT ***CONTINUATION***
NAMS X
    MASTER NAME FILE


    OUT OF CUSTODY OUT JAIL

BKG-NO BK-DATE  BK-NAM          J-STAT OVCS TYP-PRIS REL-DATE  REAS
   JCHG-NO/CHG-LIT   LVL C-STAT CHG-DATE  BAIL/BOND  DIS-TYP/DATE
0210033 05-02-2002 POTTER,JASON ANDREW   BOOK  HD   STA  07-03-2002 ROAG
   01 CCW AUTO/PSS SHOT F  DI  05-02-2002  NO BAIL  CDIS 07-03-2002
   02 POSS SHT BARL SHO F  DI  05-02-2002  NO BAIL  CDIS 05-03-2002
   03 FEL POSS F/A 61ST F  DI  05-03-2002  NO BAIL  CDIS 05-03-2002
   04 IMP REG PLT 61ST M  RC  05-10-2002   200.00 REOR 05-20-2002
   05 VIOL REST LIC 61 M  RC  05-10-2002   200.00 REOR 05-20-2002
   06 HOLD FOR FEDS ATF F  HD  06-17-2002  NO BAIL  ROAG 07-03-2002
0128654 12-09-2001 POTTER,JASON ANDREW   BOOK  PT   STA  12-10-2001 BOND
   01 MW-VIOL RESP LIC M  BO  12-09-2001   200.00 BAIL 12-10-2001
   02 DWLS 61ST      M  RC  12-09-2001  NO BAIL  RELC 12-10-2001
0125320 10-29-2001 POTTER,JASON ANDREW   BOOK  SS   CITY  10-31-2001 TSER
   01 OWVI 61ST      M  ES   10-29-2001 10-31-2001 TSER 10-31-2001
0103322 02-09-2001 POTTER,JASON ANDREW   BOOK  PA   CITY  02-09-2001 BOND
   01 OUIL UBAL 61ST  M  BO   02-09-2001   100.00 BAIL 02-09-2001
9819922 09-01-1998 POTTER,JASON ANDREW   SASC  SS   STA   10-16-1998 TSER
CONT ***CONTINUATION***

*in - out  dates - underlined*

EXHIBIT 1

DOCUMENT 1g

L.-S148.055  INMATE REQUEST TO STAFF CDRFM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| INMATE MANAGEMENT SYSTEMS (I.M.S.) | NOVEMBER 17, 2003 |
| FROM:            JASON POTTER | REGISTER NO.:        11019-040 |
| WORK ASSIGNMENT:        EDUCATION TEUTOR | UNIT:        J-B |

SUBJECT: (Briefly state your question or concerned the solution you are requesting.  Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to respond to your request.)    **** CREDIT FOR JAIL TIME  ******

    I WAS ARRESTED BY THE STATE OF MICHIGAN ON MAY 2, 2002. I WAS IN JAIL IN KENT COUNTY JAIL FROM MAY 2, 2002 (THE DATE OF MY ARREST) UNTIL JULY 1, 2002. THE STATE OF MICHIGAN DROPPED THE GUN CHARGE (NOLLE PROSEQUI) BUT THE FEDERAL GOVERNMENT PICKED IT UP. I WAS TRANSFERRED TO FEDERAL CUSTODY ON JULY 7, 2002 WHEREUPON I WAS RELEASED ON BAIL. I WAS ARRESTED NOVEMBER 8, 2002  ON A NEW CHARGE OF "ACCESSORY AFTER THE FACT TO HOME INVASION" AND MY FEDERAL BAIL WAS REVOKED ON NOVEMBER 12, 2002. I WAS SENTENCED ON MY FEDERAL GUN CHARGE ON JANUARY 3, 2003. THE JUDGMENT ORDERED ME "INTO THE CUSTODY OF THE U.S. MARSHALS" ON THAT DATE. I WAS STILL KEPT IN KENT COUNTY JAIL AFTER FEDERAL SENTENCING. ON JANUARY 28, 2003 I PLED GUILTY TO THE STATE OF MICHIGAN CHARGE OF "ACCESSORY AND WAS SENTENCED TO SIX (6) MONTHS WITH CREDIT TO THE DATE OF MY NOVEMBER 8, 2002 ARREST. I WAS RELEASED FROM KENT COUNTY INTO FEDERAL CUSTODY ON APRIL 6, 2003 AFTER MY SIX (6) MONTH "ACCESSORY" SENTENCE HAD EXPIRED. I WAS NOT TRANSFERRED FROM FEDERAL CUSTODY AT KENT COUNTY JAIL UNTIL APRIL 6, 2003. I ARRIVED AT F.M.C. DEVENS ON JUNE 4, 2003. THE TWO MONTHS JAIL TIME FROM 5/2/02 - 7/2/02 HAS NOT BEEN CREDITED TO ANY OTHER SENTENCE. I AM DUE THAT TIME. THE PERIOD FROM JANUARY 3, 2003 - 4/6/2003 I AM ALSO DUE SINCE MY FEDERAL SENTENCE COMMENCED TO RUN (Do not write below this line.) ON JANUARY 3, 2003. I AM DUE THAT CREDIT ALSO FOR A TOTAL CREDIT DUE OF 5 MONTHS 3 DAYS.

DISPOSITION:

 — Your PSI page 9 Paragraph (33) +(34) show you received 5 days jail, credit Time served  for The 5/2/02 arrest.

EXHIBIT 1

DOCUMENT 1h

...RTMENT OF JUSTICE    **REQUEST FOR ADMINISTRATIVE REMEDY**
...reau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __POTTER, JASON__  __# 11019-040__  __J-B__  __FEDERAL MEDICAL CENTER__
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION DEVENS

**Part A– INMATE REQUEST** TO THE WARDEN OF F.M.C. DEVENS, WARDEN D. WINN: SIR, I WAS INCARCERATED ON MY GUN CHARGE BY THE STATE OF MICHIGAN ON MAY 2, 2002 UNTIL RELEASE ON BAIL AFTER THE STATE DROPPED THE CHARGES AND THE FEDERAL GOVT. PICKED IT UP ON JULY 1, 2002. ON NOVEMBER 6, 2002 I WAS ARRESTED ON STATE CHARGES FOR AN ADDITIONAL OFFENSE AND MY FEDERAL BAIL WAS REVOKED AS OF THAT DATE TOO. I WAS SENTENCED ON THE FEDERAL GUN CHARGE ON JANUARY 3, 2003. I AM DUE CREDIT FOR CUSTODY TOWARD MY GUN CHARGE FROM 5/2/02 - 7/1/02; 11/8/02-1/3/03; AND 1/3/03-6/1/03 WHEN I WAS TRANSFERRED FROM STATE PRISON ON ANOTHER CHARGE BACK INTO FEDERAL CUSTODY, OR A TOTAL CREDIT OF 6 MONTHS 29 DAYS. IN MY BP-8 I FORGOT TO ADD THE PERIOD FROM 11/8/02-1/3/03. THUS THE NEARLY 2 MONTHS ADDITIONAL CREDIT I AM DUE. SINCE MY FEDERAL SENTENCE CAME FIRST AND NO OTHER SENTENCE WAS IN EXISTENCE AT THE TIME IT WAS GIVEN TO ME, WHAT HAPPENED AFTER THAT SENTENCING IS IRRELEVANT FOR PURPOSES OF COMPUTING THE AMOUNT OF "JAIL CREDITS THAT I AM DUE. THE STATE SENTENCE OF 6 MONTHS FOR "ACCESSORY AFTER THE FACT ON HOME INVASION" SHOULD HAVE ABSOLUTELY NO EFFECT TO MY FEDERAL SENTENCE WHICH WAS ALREADY RUNNING WHEN I RECEIVED THAT STATE SENTENCE ON 1/23/03. AT THE TIME I WAS SENTENCED BY THE FEDERAL JUDGE ACCORDING TO LAW, MY FEDERAL SENTENCE BEGAN TO IMMEDIATLEY RUN, AND AT THAT TIME ALL PRIOR CUSTODY CREDIT FOR THAT GUN CHARGE WAS DUE ME. WHAT HAPPENED AFTERWARDS IS OF NO LEGAL SIGNIFICANCE.
DECEMBER DATE 2003    SIGNATURE OF REQUESTER

**Part B– RESPONSE**


RECEIVED
JAN - 9 2004

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #322334-F1**

This is in response to your Request for Administrative Remedy in which you request additional credit toward the service of your Federal sentence. The dates you request are from May 2, 2002, to July 1, 2002, and from November 8, 2002, to April 6, 2003.

Investigation of your complaint and your May 2, 2002, state arrest revealed the following: The Kent County records office recently clarified to the FMC Devens records office staff the proper disposition reported in your Federal Pre-Sentence Report. Paragraphs 33 & 34 state that on November 11, 2002, you received 5 days jail credit, time served for the May 2, 2002, arrest. Kent County informed our office that only 5 days of official detention were credited to the Kent County sentence. This leaves 58 days (May 7, 2002, through July 3, 2002) that were not credited to the Kent County sentence. The days between May 7, 2002, and July 3, 2002, were applied to your federal sentence computation on January 29, 2004.

Investigation of your request for credit from November 8, 2002, to April 6, 2003, revealed the following: On November 8, 2002, you were sentenced to serve 6 months in Kent County, Michigan. On December 31, 2002, your were borrowed via Federal WRIT from State custody. You were returned to state custody on January 3, 2003, and subsequently released on April 6, 2003, to the United States Marshals Service to commence your Federal sentence. The time served beginning November 8, 2002, to April 6, 2003, while "on loan" under the federal writ was credited toward your Kent County, Michigan sentence.

On January 3, 2003 you were sentenced in the U.S. District Court, Western District of Michigan to 36 months. At the time of sentencing, you were in the primary jurisdiction of Kent County, Michigan and were merely borrowed by the United States Marshals Service for the sole purpose of sentencing. Your Federal judgement was silent as to whether your term of imprisonment should run concurrent or consecutive to your undischarged state sentence. Therefore, pursuant to Program Statement 5880.28, Sentence Computation Manual, your Federal judgement shall run consecutive to your state sentence beginning on April 6, 2003.

Program Statement 5880.28, Sentence Computation Manual, (CCCA), asserts the time spent in custody pursuant to a writ of Habeas Corpus from non-federal custody will not in and of itself be considered for the purpose of awarding prior custody credit. This assertion is founded in 18 U.S.C. § 3585(b) which controls prior custody credits. It indicates that, "a defendant shall be

denied in that you are not eligible to receive credit for any other days requested.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Northeast Regional Office within 20 days of the date of this response.

_____          _____
David L. Winn, Warden                     Date

EXHIBIT 1

DOCUMENT 1i

```
          FUNCTION: LST SCOPE: REG    EQ 11019-040   OUTPUT FORMAT: FULL_____
      -------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____   DT STS: FROM _____ THRU _____
DT STS: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT RDU
DT TDU: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____
SUBJECTS: _____ _____ _____ _____ _____ _____ _____
EXTENDED: __ REMEDY LEVEL: __ __        RECEIPT: __ __ __ "OR" EXTENSION: __ __ __
RCV  OFC : EQ ____     _____     _____     _____     _____     _____
TRACK:  DEPT: _____ _____ _____ _____ _____ _____
      PERSON: _____ _____ _____ _____ _____ _____
        TYPE: ___     _____     _____     _____     _____     _____
EVNT FACL: EQ ____     _____     _____     _____     _____     _____
RCV FACL.: EQ ____     _____     _____     _____     _____     _____
RCV UN/LC: EQ _____ _____ _____ _____ _____ _____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ ____     _____     _____     _____     _____     _____
ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____


G0002       MORE PAGES TO FOLLOW . . .
```

Case 4:04-cv-40052-FDS   Document 7-2   Filed 12/06/2004   Page 34 of 40

```
REGNO: 11019-040 NAME: POTTER, JASON
RSP OF...: DEV UNT/LOC/DST: J CC              QTR.: J02-223U    RCV OFC: DEV
REMEDY ID: 322334-F1      SUB1: 30AM SUB2:    DATE RCV:   01-09-2004
UNT RCV..: J CC        QTR RCV.: Z02-201LAD   FACL RCV: DEV
UNT ORG..: J CC        QTR ORG.: Z02-201LAD   FACL ORG: DEV
EVT FACL.: DEV    ACC LEV:  DEV  1                RESP DUE:   WED  02-18-2004
ABSTRACT.: REQUESTS CREDIT FOR TIME SPENT IN JAIL
STATUS DT: 02-10-2004  STATUS CODE: CLG STATUS REASON: PAR
INCRPTNO.:         RCT: P EXT: P DATE ENTD: 01-21-2004
REMARKS..:
```

```
                  CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA
   DATE DUE          DEPARTMENT   TO      DATE ASSN     TRK TYPE     DATE RETURNED
WED 01-28-2004      ISM          TA    01-21-2004      INV          02-06-2004
FRI 02-06-2004      EXEC ASST    MH    02-06-2004      INV          02-09-2004
MON 02-09-2004      CEO          DLW   02-09-2004      SIG          02-09-2004
```

G0002      MORE PAGES TO FOLLOW . . .

```
REGNO: 11019-040 NAME: POTTER, JASON
RSP OF...: DEV UNT/LOC/DST: J CC              QTR.: J02-223U   RCV OFC: NER
REMEDY ID: 322334-R1      SUB1: 30AM SUB2:    DATE RCV:   03-08-2004
UNT RCV..: J CC         QTR RCV.: J04-404U    FACL RCV: DEV
UNT ORG..: J CC         QTR ORG.: Z02-201LAD  FACL ORG: DEV
EVT FACL.: DEV     ACC LEV:  DEV  1                RESP DUE:
ABSTRACT.: REQUESTS CREDIT FOR TIME SPENT IN JAIL
STATUS DT: 03-09-2004   STATUS CODE: REJ STATUS REASON: UTR
INCRPTNO.:            RCT:   EXT:   DATE ENTD: 03-09-2004
REMARKS..: YOU MUST PROVIDE WRITTEN VERIFICATION FROM STAFF
           REGARDING YOUR UNTIMELINESS. YOUR APPEAL WAS DUE
           IN THIS OFFICE ON OR BEFORE 03-02-2004.
```

```
                2 REMEDY SUBMISSION(S) SELECTED
G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

EXHIBIT 1

DOCUMENT 1j

09-17-04   09:35   From-US ATTOF   'S OFFICE              6177483971        T-712   P.026/026   F-459

NAME:   **JASON POTTER**              REGISTER NUMBER:   ⊥   .ラⁿ040

Federal Medical Center
Devens, MA

## ADMINISTRATIVE REMEDY PROCEDURES FOR INMATES
## INFORMAL RESOLUTION FORM

NOTE TO INMATE: You are advised that prior to receiving and filing a Request for
Administrative Remedy Form BP-9 (BP-229(13), you **must** attempt to informally resolve your
complaint through your Correctional Counselor. Briefly state **one** complaint below and list what
efforts you have made to resolve your complaint informally, state the names of staff contacted,
and the relief that you are requesting.

DATE FORM ISSUED AND INITIALS OF CORRECTIONAL COUNSELOR: _____

Unit: _____

### INMATE'S COMMENTS:

1. Complaint:____  I HAVE ASKED I.S.M. FOR CREDIT FOR JAIL TIME TO WHICH I
AM DUE. (SEE ATTACHED COP-OUT TO I.S.M.) THEY ARE NOT CORRECT IN THEIR
CALCULATION OF MY CREDITS. I WAS SENTNECED FIRST IN FEDERAL COURT. THERE
WAS NO STATE SENTENCE IN EXISTENCE AT THE TIME I WAS SENTENCED. THE STATE
SENTENCE CAME AFTER THE FEDERAL SENTNECE BUT WAS MADE RETROACTIVE TO NOVEMBE
8, 2002. I WAS NOT SENTENCED ON THAT DATE. I WAS GIVEN CREDIT FOR THE TWO (2
MONTHS I ASKED FOR BUT NO CREDIT FROM NOVEMBER 8, 2002 TO APRIL 6, 2003. THE
JUDGMENT ORDERED ME INTO THE CUSTODY OF THE U.S. MARSHALS TO BEGIN MY SENTEN
2. Efforts made by you to informally resolve:_____

_I SENT AN INFORMAL REQUEST COP-OUT TO I.S.M. (COPY ATTACHED). THEN A BP-9
RESPONSE GAVE ME CREDIT FOR MAY 7, 2002 THROUGH JULY 3, 2002. BUT I HAVE TO
START MY ADMINISTRATIVE REMEDIES AGAIN BECAUSE MY BP-10 WAS CLAIMED TO BE L
ALTHOUGH I MAILED IT BY REGULAR MAIL TWO (2) WEEKS BEFORE THE DUE DATE.

3. Names of staff you contacted:_I.S.M. OFFICERS_____

4. Relief Requested:_I AM REQUESTING THE JAIL TIME CREDITS FROM NOVEMBER 8, 200
UP TO APRIL 6, 2003 OR A TOTAL OF ONE HUNDRED AND FIFTY DAYS (150 DAYS)
CREDIT PLUS THEIR INCLUSION FOR CALCULATION OF THE 54 DAYS OF GOOD TIME
CREDITS ANNUALLY FOR ME IN FEDERAL PRISON AS PART OF MY TOTAL FEDERAL
SENTENCE OF 37 MONTHS IMPRISONMENT._____

EXHIBIT 1

DOCUMENT 1k



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

| | |
|---|---|
| **OPI:** | OGC |
| **NUMBER:** | 1330.13 |
| **DATE:** | CN 4, 8/13/2002 |
| **SUBJECT:** | Administrative Remedy Program |

**RULES EFFECTIVE DATE:** 8/6/2002

\*    1.    [<u>PURPOSE AND SCOPE</u> §542.10

   a.  <u>Purpose</u>.  The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement.  An inmate may not submit a Request or Appeal on behalf of another inmate.

   b.  <u>Scope</u>.  This Program applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement.  This Program does not apply to inmates confined in other non-federal facilities.]

   The president of a recognized inmate organization may submit a request on behalf of that organization regarding an issue that specifically affects that organization.

   [c.  <u>Statutorily-mandated Procedures</u>.  There are statutorily-mandated procedures in place for Tort claims (28 CFR 543, subpart C), Inmate Accident Compensation claims (28 CFR 301), and Freedom of Information Act or Privacy Act requests (28 CFR 513, subpart D).  If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, the Bureau will refer the inmate to the appropriate statutorily-mandated procedures.]                                                                    \*

2.  **PROGRAM OBJECTIVES**.  The expected results of this program are:

 a.  <u>Submission</u>.  **An inmate who is not satisfied with the
Warden's response may submit an Appeal on the appropriate form
(BP-10) to the appropriate Regional Director within 20 calendar
days of the date the Warden signed the response.  An inmate who
is not satisfied with the Regional Director's response may submit
an Appeal on the appropriate form (BP-11) to the General Counsel
within 30 calendar days of the date the Regional Director signed
the response.  When the inmate demonstrates a valid reason for
delay, these time limits may be extended.  Valid reasons for
delay include those situations described in §542.14(b) of this
part.  Appeal to the General Counsel is the final administrative
appeal.]**

 These deadlines specify the date of the Appeal's receipt in the
regional office or the Central Office.  The deadlines